Opinion
 

 ANDERSON, P. J.
 

 This is an appeal from the trial court’s decision awarding costs and attorney fees to respondents in an action arising from the sale of real estate.
 

 I. Background Facts
 

 In March 1982 plaintiffs Gary and Kathy Pirkig (respondents) purchased a home in Benicia, California, from James Cook and Joseph Eystad (sellers). Respondents were represented in the transaction by defendant Jeffrey Dennis, a real estate broker (appellant), while the sellers enlisted the aid of two other real estate brokers, Gay Turner and Cindy Rogers. To facilitate the sale, the sellers accepted a note secured by a second deed of trust for a portion of the purchase price.
 

 After moving into the house, respondents discovered numerous defects that had not been disclosed to them by any of the defendants. The roof leaked, the garage flooded and moisture seeped through the windows causing damage to the structure and the interior of the house. It was further discovered that the garbage disposal was broken, the swimming pool did not work, and the house was infested with rodents and insects.
 

 Approximately one year later, in March 1983, respondents brought an action against defendant sellers and real estate agents, including appellant, for fraud, negligent misrepresentation and infliction of great emotional distress. During the pendency of the action, respondents did not make payments to the sellers on the note and second deed of trust but, instead, placed the amounts due into an escrow account. Thereupon, the sellers initiated a foreclosure proceeding which could be forestalled by respondents only by obtaining an injunction from the superior court.
 

 
 *1553
 
 On December 12, 1984, appellant made an offer to compromise pursuant to Code of Civil Procedure
 
 [1]
 
 section 998 in the amount of $2,500 which, however, was not accepted by respondents. On December 30, 1985, a jury trial commenced against all defendants. During trial the court, on its motion, dismissed the fraud and emotional distress counts of the complaint. The negligent misrepresentation regarding square footage and defects was submitted to the jury. In its special verdict handed down on January 16, 1986, the jury found in favor of appellant on the square footage issue and against all defendants on the defects issue. The jury determined the total amount of damages suffered by respondents to be $51,000 to which the parties contributed in the following proportions: respondents 1 percent, sellers 60 percent, appellant 21 percent, and other brokers 18 percent.
 

 Following the verdict, the parties made various motions. Of these the trial court granted the defense motion to dismiss brokers Turner and Rogers from the case and to order respondents to pay the latters’ attorney fees. On March 12, 1986, the trial court also granted the defense motion for a new trial on damages, unless respondents agreed to reduce the amount of recovery from $51,000 to $8,500. Respondents rejected the offer for remittitur and requested a new trial on the issue of damages only. On October 2, 1986, while the new trial was pending, respondents made a compromise offer to appellant to settle the matter for $4,500 which was rejected by appellant. On January 12, 1987, respondents settled the case with the sellers for $28,300. On May 6, 1987, appellant made a second compromise offer to settle for $2,500 which respondents declined to accept.
 

 The case proceeded to a second (court) trial against appellant, the lone remaining defendant, on February 1, 1988. At the very outset, the court rejected appellant’s attempt to reopen the issue of liability and limited itself to determine the extent of damages only. After hearing the parties’ arguments, the court found that since respondents had elected at the first trial to make the cost of repairs the measure of damages, they were not entitled to recover the loss of value of the property. The court reaffirmed that the cost of repairs totalled $7,500 which, however, was offset by the amount of settlement received from the sellers. Consistent therewith, the court granted appellant’s motion for judgment under section 631.8, but took under submission the issues of the form of the judgment, the determination of the prevailing party and the amount of attorney fees to be awarded. However, in doing so, the court emphasized: “There’s no question that the plaintiff [respondents] prevailed on the issue of liability.”
 

 
 *1554
 
 Following further briefing by the parties, the court ruled that due to the previous settlement respondents were to take nothing against appellant.
 
 [2]
 
 In a later proceeding the court determined that respondents were the prevailing parties in the case and awarded them costs in the amount of $6,379.06 and attorney fees in the sum of $15,750.
 
 [3]
 
 Appellant made a motion for a new trial and/or vacation of judgment on the grounds that the trial court failed to consider the effect of appellant’s two compromise offers made pursuant to section 998. In a statement of decision issued on January 3, 1989, the trial court denied appellant’s motion except for taxing respondents in the sum of $395. The present appeal followed.
 

 II. Discussion
 

 On appeal appellant argues that the award of costs and attorney fees was erroneous in the instant case because (1) respondents could not be deemed prevailing parties under either section 1032 or Civil Code section 1717; (2) the compromise offers made by appellant under section 998 barred recovery of respondents’ costs and attorney fees; and (3) equitable considerations also militate against the award granted. We find no merit to any of appellant’s contentions and affirm the decision below.
 

 A.
 
 The Appealability of the Trial Court’s Ruling
 

 *
 

 
 *1555
 
 B.
 
 Respondents Were Correctly Declared Prevailing Parties in the Case
 

 Appellant’s first contention on the merits is that the trial court erred in finding respondents to be the prevailing parties under section 1032 and in awarding them costs and attorney fees. Appellant claims that since respondents did not obtain a net monetary recovery at the second trial, they failed to qualify as prevailing parties as a matter of law. Appellant’s contention is without merit.
 

 Section 1032 as amended in 1986 provides in relevant part: “ ‘Prevailing party’
 
 includes
 
 the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.
 
 When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party ’ shall be as determined by the court, and
 
 under those circumstances,
 
 the court, in its discretion, may allow costs
 
 or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034.” (Subd. (a)(4), italics added.)
 

 The rules pertaining to the interpretation of a statute are well settled. In determining the meaning of the statute we must ascertain the intent of the Legislature so as to effect the purpose of the law. In determining the legislative intent we must turn first to the words themselves for the answer. There is a presumption that every word, phrase and provision employed in the statute is intended to have meaning. Words in the statute must be given their ordinary meaning and receive a commonsense construction. Finally, the various parts of a statutory enactment must be harmonized by considering the particular clause in the context of the statutory framework as a whole.
 
 (Select Base Materials
 
 v.
 
 Board of Equal.
 
 (1959) 51 Cal.2d 640, 645 [335 P.2d 672];
 
 Moyer
 
 v.
 
 Workmen’s Comp. Appeals Bd.
 
 (1973) 10 Cal. 3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224];
 
 Baker
 
 v.
 
 Walker & Walker, Inc.
 
 (1982) 133 Cal.App.3d 746, 762 [184 Cal.Rptr. 245].)
 

 By reading the statute under the foregoing principles, it becomes obvious that the net monetary recovery grafted in section 1032 by the 1986 amendment (Stats. 1986, ch. 377, § 6) is far from being the sole instance when a litigant may be declared the prevailing party in the case. This is reaffirmed by the statutory phrase that the prevailing party
 
 includes
 
 the party with a net monetary recovery. The word “includes” is an open-ended term which is expansive in scope and fails to limit the definition of the prevailing party to the enumerated instances. The additional
 
 *1556
 
 language of the statute makes it even clearer that the listed examples of prevailing parties are not all-inclusive inasmuch as the section explicitly states that parties who do not recover monetary relief or ones who do not come within the enumerated examples, may also be declared prevailing parties and awarded costs in the discretion of the court. (See italicized portion of § 1032,
 
 supra.)
 

 Respondents clearly fall within the latter defined categories of the statute. Although failing to obtain a net monetary recovery at the second trial, respondents prevailed on the issue of liability in both the first and the second trial. The record is undisputed that the jury found appellant liable for negligent misrepresentation of property defects, and it determined the proportion of his fault as 21 percent. The adjudication of appellant’s liability was not disturbed by either the first or the second court. Prevailing on the issue of liability may be deemed sufficient in itself to determine a prevailing party under the broad definition of section 1032. (See italicized portion of the statute,
 
 supra.)
 
 A plaintiff will be considered a prevailing party when the lawsuit yields the primary relief sought in the case.
 
 (Elster
 
 v.
 
 Friedman
 
 (1989) 211 Cal.App.3d 1439, 1443-1444 [260 Cal.Rptr. 148];
 
 California Common Cause
 
 v.
 
 Duffy
 
 (1987) 200 Cal.App.3d 730, 741 [246 Cal.Rptr. 285].)
 

 But even aside from liability, respondents prevailed also on the issue of damages in both lawsuits. The reduced amount of damages determined by the court in the first trial was reaffirmed by the second court including appellant’s proportion of fault therefor. The only reason respondents failed to obtain a net monetary recovery at the second trial was because respondents settled before trial with the sellers for a greater amount than awarded by the second court. That such a coincidence does not affect the plaintiff’s right to recover costs and attorney fees under section 1032 is well established by the governing case law, especially
 
 Ferraro
 
 v.
 
 Southern Cal. Gas Co.
 
 (1980) 102 Cal.App.3d 33 [162 Cal.Rptr. 238] and
 
 Syverson
 
 v.
 
 Heitmann
 
 (1985) 171 Cal.App.3d 106 [214 Cal.Rptr. 581],
 

 In
 
 Ferraro,
 
 the plaintiffs’ property was destroyed by an explosion caused when a gas service connection was pulled loose by a backhoe operator laying an electrical line. Plaintiffs received insurance proceeds in the amount of $70,000 and also settled the case with the electric utility and the contractor for $35,000. In a suit against the gas company which was 15 percent at fault, plaintiffs received a favorable verdict, but the ultimate judgment was reduced to zero due to the offsets of the insurance proceeds and the settlement. The trial court awarded costs to plaintiffs under section 1032 which at that time provided that costs are allowed: (a) “ ‘To a plaintiff upon a judgment in his favor; ... in an action for recovery of money or
 
 *1557
 
 damages; . . In sustaining the award the reviewing court stated: “Here appellants did not ‘fail to make out their case,’ ... To consider appellants as not having received a ‘favorable judgment’ would exalt form over substance. They certainly were the prevailing party in the lawsuit and the fact that the Gas Company did not have to actually pay them any damages was due not to any deficiency in their case, but due to circumstances not directly stemming from the issues regarding liability as litigated between the parties.”
 
 (Ferraro
 
 v.
 
 Southern Cal. Gas Co., supra,
 
 102 Cal.App.3d at p. 52.)
 

 In
 
 Syverson,
 
 the jury found defendant liable for personal injuries and awarded damages to plaintiff in the sum of $100,000. Prior to trial plaintiff had settled with other codefendants for the total of $100,000. Although the amount of recovery was zero due to the deduction of the settlement from the jury award, the trial court awarded costs to plaintiff under section 1032. In affirming the ruling of the lower tribunal, the appellate court rejected defendant’s claim that by virtue of the zero net recovery plaintiff was not the prevailing party under section 1032: “The complete offset of an award by the amount of a settlement cannot be used to bootstrap a claim that plaintiff had no legitimate cause of action at the beginning. Plaintiff
 
 had
 
 legitimate cause of action and he
 
 prevailed
 
 on it. The jury found defendant liable for plaintiff’s injuries. The fact that plaintiff is not entitled to recover damages from defendant is due not to a failure to ‘make out his case,’ but solely to the fortuitous fact that the damages assessed by the jury equalled the sums previously received in settlement.”
 
 (Syverson
 
 v.
 
 Heitmann, supra,
 
 171 Cal.App.3d at p. 113, original italics.)
 

 Appellant’s contention that the 1986 amendment to section 1032, which specifically provides that the prevailing party includes the party with a net monetary recovery, has drastically changed the definition of “prevailing party” and rendered
 
 Ferraro
 
 and
 
 Syverson
 
 unauthoritative, is unfounded for several reasons.
 

 Since, under the unambiguous language of the amended statute, “prevailing party”
 
 includes
 
 not only the party with net monetary recovery, but also in the discretion of the court, any party who recovers other than monetary relief and also includes all other parties who do not fall within the specified instances listed in the statute. The case at bench belongs in the latter categories.
 

 Our conclusion that the 1986 amendment to section 1032 did not bring forth a substantial change in the definition of “prevailing party,” simultaneously reaffirms that
 
 Ferraro
 
 and
 
 Syverson
 
 do not cease to have controlling
 
 *1558
 
 effect.
 
 [5]
 
 They retain their precedential force even after the amendment of section 1032, and the trial court was bound to apply them in determining the prevailing parties here.
 

 Appellant’s alternative argument based upon Civil Code section 1717 fails for the same reasons that refute his claim under section 1032. Pursuant to Civil Code section 1717 costs and attorney fees are recoverable by the “prevailing party.” “Prevailing party” under the latter section is the party who recovered greater relief in the action.
 
 [6]
 
 In the case at bench respondents were correctly found to be the prevailing parties in the lawsuit. Furthermore, they recovered a greater relief in the action inasmuch as appellant, together with the other defendants, were found liable for negligent misrepresentation and respondents were awarded damages and received a substantial sum by way of settlement from the faulty defendants.
 

 C, D.
 
 *
 

 The judgment is affirmed. Appellant is to bear costs on appeal.
 

 Poché, J., and Channell, J., concurred.
 

 A petition for a rehearing was denied November 30, 1989.
 

 [1]
 

 Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.
 

 [2]
 

 The judgment filed on April 27, 1989, read in pertinent part: “The parties stipulated in open court that plaintiffs had received value in excess of $28,000 in a settlement with defendants EYSTAD and COOK after the first trial of the action, and that the damages recoverable in this action under the pretrial rulings of the Court were less than that amount. [j[] Pursuant to the facts thus stipulated, It Is Hereby Ordered That
 
 plaintiffs
 
 [respondents]
 
 take nothing against defendant
 
 [appellant] Jeffrey Dennis herein. Costs in the amount of $_and attorneys fees in the amount of $_are awarded to the prevailing party in this action:__” (Italics added.)
 

 [3]
 

 The August 22, 1988, decision sets out in relevant portion:
 
 “The Plaintiff
 
 [respondent]
 
 is the prevailing party in this case.
 
 Even though the plaintiffs’ ultimate monetary recovery from the defendant Dennis was offset by settlement monies from other defendants, plaintiffs remain the ‘prevailing party’ under the current case and statutory authorities. The plaintiff is thereby entitled to recover costs and attorneys [s/c] fees from the defendant Dennis, [fl] The Court finds that: [j[] 1.
 
 The plaintiff is entitled to recover from the defendant
 
 Dennis
 
 attorneys’ fees of $15,750.00, together with actual court costs of $6,379.06.
 
 In exercising its discretion in the awarding of attorneys’ fees, the court has reviewed and considered the labor expended by plaintiffs’ counsel, the length of the trial, the experience and background of counsel and the ultimate award rendered by the jury in making its determination.” (Italics added.)
 

 *
 

 See footnote,
 
 ante,
 
 page 1560.
 

 [5]
 

 Because we find the language of the statute unambiguous, we do not rule on the motion to take judicial notice of the legislative materials submitted.
 

 [6]
 

 Civil Code section 1717 provides in relevant part: “(a)
 
 In any action on a contract,
 
 where the contract specifically provides that
 
 attorney’s fees and costs,
 
 which are incurred to enforce that contract,
 
 shall be awarded
 
 either to one of the parties or
 
 to the prevailing party,
 
 then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney’s fees in addition to other costs. ... [11] (b)(1) The court, upon notice and motion by a party, shall determine who is the party prevailing on the contract for purposes of this section, whether or not the suit proceeds to final judgment. Except as provided in paragraph (2),
 
 the party prevailing on the contract shall be the party who recovered a greater relief in the action
 
 on the contract. The court may also determine that there is no party prevailing on the contract for purposes of this section.” (Italics added.)
 

 *
 

 See footnote,
 
 ante,
 
 page 1560.