
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PACIFIC FUEL COMPANY, LLC, a California Limited Liability Company, | No. 09-55640 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 2:06-cv-00225-AG-AJW |
| and | |
| LEIGHTON HULL, individually, | MEMORANDUM* |
| Third-party-defendant - Appellee, | |
| v. | |
| SHELL OIL COMPANY, a Delaware corporation; et al., | |
| Defendants-counter-claimants - Appellants. | |

| | |
|---|---|
| PACIFIC FUEL COMPANY, LLC, a California Limited Liability Company, | No. 09-55746 |
| Plaintiff-counter-defendant - Appellee - Cross /Appellant, | D.C. No. 2:06-cv-00225-AG-AJW |
| and | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

LEIGHTON HULL, individually,

       Third-party-defendant -
       Appellee - Cross/Appellant,

  v.

SHELL OIL COMPANY, a Delaware
corporation; et al.,

       Defendants-counter-claimants
       -Appellant  - Cross/Appellees.

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted January 11, 2011
Pasadena, California

Before: McKEOWN, W. FLETCHER, and CLIFTON, Circuit Judges.

Shell Oil Company appeals the award of attorneys' fees by the district court to Pacific Fuel Company and the denial of fees to Shell. Pacific cross appeals on multiple grounds. We affirm the district court's ruling in its entirety.

California Code of Civil Procedure § 1021 "recognizes that attorney fees incurred in prosecuting or defending an action may be recovered as costs . . . when they are otherwise authorized by statute or by the parties' agreement." *Santisas v. Goodin*, 951 P.2d 399, 404 n. 4 (Cal. 1998). When parties contractually allocate attorneys' fees, California Civil Code § 1717 ensures that such attorneys' fees

provisions apply reciprocally such that if a party to an action would be entitled to fees under the contract's attorneys' fees provision if successful, the adverse party must also be eligible for fees if it prevails. *T.E.D. Bearing Co. v. Walter E. Heller & Co.,* 112 Cal.Rptr. 910, 913-14 (Cal.Ct.App. 1974). Ensuring mutuality in attorneys' fees provisions is the "primary purpose" of § 1717. *Id.* at 913. By its terms, § 1717 applies "[i]n any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party." The MSO Agreement provides for fees incurred to "secure, defend, or protect" rights under the MSO Agreement to be awarded to the "prevailing party," and thus § 1717 applies, at minimum,[1] to all claims in which at least one of the parties is attempting to "secure, defend, or protect" rights under the MSO Agreement.

Although Shell prevailed on its breach of contract claim, the district court was within its discretion to find that Shell was not the prevailing party under California Civil Code § 1717. Section 1717(b)(1) provides that a court "may . . . determine that there is no party prevailing on the contract for purposes of this

---

[1]Some authorities suggest that § 1717 applies to an even broader swath of claims. *See, e.g., Dell Merk, Inc. v. Franzia*, 33 Cal.Rptr. 3d 694, 703 (Cal.Ct.App., 2005) ("As long as the action 'involve[s]' a contract it is 'on [the] contract' within the meaning of Section 1717.")

section." While this provision does not grant the district judge unlimited discretion, because this case did not result in a "simple, unqualified win" for Shell, the district court was permitted to determine that Shell was not the prevailing party. *See Hsu v. Abbara*, 891 P.2d 804, 811-13 (Cal. 1995).

The district court also did not err in finding Pacific to be the prevailing party under § 1717. Had Shell prevailed in defending against Pacific's fraud claim, it would have successfully "secure[d], defend[ed], or protect[ed]" its rights under the MSO Agreement and therefore would have been eligible for attorneys' fees under the attorneys' fees provision in the MSO Agreement. Section 1717's mutuality principle dictates that Pacific's fraud claims count as "on a contract" under § 1717 and the court was permitted to award attorneys' fees to Pacific for its successful claim. *See Santisas*, 951 P.2d at 407 ("[S]ection 1717 permits [a] party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed."); *Dell Merk*, 33 Cal.Rptr. 3d at 702 ("If Bank would have been legally entitled to fees if it had prevailed, Franzia would be entitled to its fees for defending Bank's action when Bank lost.")

This result accords with the substantial discretion provided trial courts in allocating attorneys' fees by both California courts and the Ninth Circuit, as well as with courts' interpretation of § 1717. *See Hsu*, 891 P.2d at 813 ("[I]n determining

4

litigation success, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.'"); *Berkla v. Corel Corp.*, 302 F.3d 909, 920 (9th Cir. 2002) ("[I]t is clear from *Hsu* that a court is entitled to . . . evaluate litigation success in light of the party's overall demands and objectives."); *Dell Merk*, 33 Cal.Rptr. 3d at 703 ("California courts liberally construe the term 'on a contract' as used within section 1717. As long as the action 'involve[s]' a contract it is 'on [the] contract' within the meaning of Section 1717." (internal citation and quotations omitted)); *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1216 (9th Cir. 2009) ("[Section 1717's 'action on a contract'] provision is interpreted liberally."); *Pirkig v. Dennis*, 264 Cal.Rptr. 494, 499 (Cal.Ct.App. 1989) (upholding attorneys' fees awarded under § 1717 for a negligent misrepresentation claim seeking damages).

It is well established that a claimant "may not receive multiple awards for the same item of damage." *Ambassador Hotel Co., Ltd. v. Wei-Chuan Investment*, 189 F.3d 1017, 1032 (9th Cir. 1999); *see also Tavaglione v. Billings*, 847 P.2d 574, 580 (Cal. 1993) ("Regardless of the nature or number of legal theories advanced by the plaintiff, he is not entitled to more than a single recovery for each distinct item of compensable damage supported by the evidence."). Whether a jury award is duplicative is a legal question. *See DuBarry Internat., Inc. v. Southwest Forest*

*Industries, Inc.,* 282 Cal.Rptr. 181, 189 (Cal.Ct.App. 1991). Pacific's claims for concealment and intentional misrepresentation were presented as a single claim, based on the same facts, and based on the same alleged damages. As such, the district court did not err in finding the two awards to be duplicative as a matter of law. *See Id.* (finding separate awards for breach of contract and bad faith denial of contract both based on lost commissions to be "duplicative as a matter of law").

Pacific contends that Shell's successful affirmative defense of Pacific's breach of contract claim should be barred under the election of remedies doctrine, arguing that Shell "twice affirmed" the MSO Agreement—first by suing Pacific in state court for breach of the MSO Agreement, and second by pursuing its breach of contract counterclaim to recover fees relating to that state court proceeding.

We have held that "election is the exercise of a choice of an alternate and inconsistent right or course of action," and that "[f]ull knowledge of the nature of the inconsistent rights and the necessity of choosing between them are elements of election." *In re Mann Farms, Inc.,* 917 F.2d 1210, 1213 (9th Cir. 1990). Pacific presented no evidence that Shell was aware of the fraud at the time of the state court action. As such, Shell's pursuit of the state claim did not constitute election. Because its breach of contract counterclaim arose out of that state court proceeding, Shell's fraud defense was a mere change in remedies, which did not

6

trigger the election of remedies doctrine "unless the change involves a prejudice to the losing party." *California Golf, L.L.C. v. Cooper*, 78 Cal.Rptr.3d 153, 164 (Cal.Ct.App. 2008). There was no prejudice here. Indeed, it would be unjust to deny Shell fees to which it was contractually entitled in a completed litigation based on a subsequent finding that it had been the victim of fraud. Conversely, it would be unjust to deny Shell an affirmative defense based on that fraud simply because it asserted its contractual entitlement to attorneys' fees on its earlier, successful breach of contract suit, executed without knowledge of the fraud. Moreover, it is well established that a party may rescind a contract and still recover attorneys' fees under the rescinded contract. *See Santisas*, 951 P.2d at 407.

We understand Pacific's claim for disgorgement of profits earned under the MSO Agreement to refer to the rule that a rescinding party must "[r]estore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise, unless the latter is unable or positively refuses to do so." California Civil Code § 1691(b). There is simply no support for the proposition that a party found to have committed fraud is entitled to the adverse party's profits. With respect to restoring to the other party everything of value received under the contract, Shell has already been ordered to pay Pacific an amount greater than what it received from Pacific.

7

Moreover, it is not clear that restoration is required when a party rescinds as a defense. *See McCauley v. Dennis*, 34 Cal.Rptr. 90, 93 (Cal.Dist.Ct.App. 1963) ("[A] person who has been fraudulently induced to enter into a contract . . . may set up the fraud as a partial defense or counterclaim without any offer of restitution.")

Pacific is not entitled to pre-judgment interest under either California Rule of Court 3.1802 or 28 U.S.C. § 1961. For Rule 3.1802 to apply, interest must have been included in the award, which was not the case here. *Pellegrini v. Weiss*, 81 Cal.Rptr. 3d 387, 403 (Cal.Ct.App. 2008). While it was once the case that interest accrued from the date of verdict under 28 U.S.C. § 1961 when judgment was delayed after damages had been assessed, *see Turner v. Japan Lines, Ltd.*, 702 F.2d 752, 756-57 (9th Cir. 1983), that rule has since been overturned by the Supreme Court. *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990).

Because the fees awarded to Shell arising out of the state litigation were awarded by the jury as damages, they need only be supported by substantial evidence. *Wilson v. County of Orange*, 87 Cal.Rptr.3d 439, 442 (Cal.Ct.App., 2009). California Civil Code § 1033.5 and California Rule of Court 3.172 do not apply. Viewing "the evidence in the light most favorable to [Shell], giving it the benefit of every reasonable inference and resolving all conflicts in its favor," we find that there was substantial evidence supporting the jury's award. *Wilson*, 87

8

Cal.Rptr.3d at 442. The district court therefore did not err in denying Pacific's motion for judgment as a matter of law.

**AFFIRMED.**

Pacific Fuel Co. v. Shell Oil Co., Nos. 09-55640 & 09-55746

McKEOWN, Circuit Judge, concurring in part and dissenting in part:

I concur in the majority's disposition except with respect to the award of attorneys' fees to Pacific Fuel Company. By its terms, California Civil Code § 1717 applies only to actions "on a contract." See Cal. Civ. Code § 1717 ("In any action *on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . then the party who is determined to be the party prevailing on the contract . . . shall be entitled to . . . attorney's fees.") (emphasis added). California courts have consistently held that a fraud claim seeking damages sounds in tort, and is not "on a contract" for the purposes of section 1717. Loube v. Loube, 74 Cal. Rptr. 2d 906, 906 (Cal. Ct. App. 1998). A tort claim cannot be converted into a contract claim simply because it is related to a contract. Accordingly, I respectfully dissent.