Filed 5/13/22  Hornbrook Community Services Dist. v. Olson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| HORNBROOK COMMUNITY SERVICES DISTRICT, | C094103 |
| Plaintiff and Respondent, | (Super. Ct. No. SCSCCVCV2014797) |
| v. | |
| KIMBERLY R. OLSON et al., | |
| Defendants and Appellants. | |

Hornbrook Community Services District (District) and defendants Kimberly R. Olson and Peter T. Harrell (collectively defendants) were involved in a prolonged dispute in which the trial court issued a temporary restraining order in the District's favor.  The dispute ended when Olson dismissed her cross-complaint against the District[1] and, years later, the District dismissed its complaint against defendants.  Upon dismissal of the

---

[1]     Harrell was not a party to the cross-complaint.

1

District's complaint, defendants sought costs related to the complaint and the District sought costs related to Olson's cross-complaint. The trial court found the District timely filed a cost memorandum related to Olson's cross-complaint and was the prevailing party as to both the cross-complaint and the complaint. In total, the trial court ordered Olson to pay $180 pertaining only to the District's claimed costs related to the cross-complaint.

Defendants appeal from the trial court's costs orders arguing they were the prevailing party as a matter of right related to the complaint. Olson further contends the District's costs memorandum related to the cross-complaint was untimely filed. We agree the District's costs memorandum related to the cross-complaint was untimely filed, but disagree defendants were the prevailing party related to the complaint.

FACTUAL AND PROCEDURAL BACKGROUND

The District filed a complaint for damages against defendants alleging defendants converted the District's personal property, including that Olson took cashier's checks issued to the District totaling more than $61,000. Following a noticed hearing, the trial court granted a temporary restraining order and required defendants to return the cashier's checks and other property. Even though defendants did not dispute the checks and personal property belonged to the District, it took several demands from the trial court before Olson returned the checks to the District. The complaint was amended three times with the operative complaint alleging causes of action for conversion, violation of Government Code section 12651 under the False Claims Act, injunctive relief, and trespass to personal property. Defendants filed a special motion to strike various

2

allegations in the complaint pursuant to Code of Civil Procedure[2] section 425.16[3] and the trial court denied the motion.

Olson filed a cross-complaint and petition for various types of writ relief and declaratory and injunctive relief. She named the District and three individual members of the District's board of directors (board) in their individual and official capacities as cross-defendants. Following various motions, Olson elected to dismiss the cross-complaint without prejudice. The dismissal was entered by the court clerk on March 25, 2015. On April 13, 2015, Olson filed a proof of service indicating the request for dismissal was served on the District's counsel; however, the District's counsel denied ever receiving the notice of dismissal of the cross-complaint. Olson did not serve a notice of entry of dismissal as required by California Rules of Court, rule 3.1390.

On September 4, 2015, defendants appealed the court's denial of their anti-SLAPP motion. Four years later, this court upheld the trial court's ruling on the anti-SLAPP motion.

Once jurisdiction returned to the trial court, the District filed an answer to the dismissed cross-complaint and a motion to dismiss one of the causes of action alleged in the cross-complaint. Olson opposed the District's motion on the merits and failed to notify the District's counsel and the trial court she had previously dismissed the cross-complaint. The trial court inadvertently heard and ruled on the motion. Later, the trial court became aware Olson had previously dismissed the cross-complaint and informed the District.

---

[2]     Further section references are to the Code of Civil Procedure unless otherwise indicated.

[3]     This is commonly known as an anti-SLAPP motion -- strategic lawsuit against public participation. (See *Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 882, fn. 2.)

3

Because four years had elapsed while the matter was on appeal and the District now had actual notice of the dismissal of the cross-complaint and the District had a different board, the District's counsel requested time to confer with the District's board to determine if it wanted to proceed with the action. The District elected to voluntarily dismiss the matter with respect to both defendants on November 17, 2020.

Following dismissal of the complaint, defendants filed a memorandum of costs related to the dismissed complaint and the District filed a memorandum of costs related to the dismissed cross-complaint.

As it pertained to the District's complaint, the trial court found the District was the prevailing party. It reasoned the action arose when defendants took the District's cashier's checks and personal property and refused to return the property. Indeed, the checks and property were not returned until the District filed suit and obtained a temporary restraining order. When addressing defendants' argument they were the prevailing party given the number of years that had elapsed between the court's granting of the temporary restraining order and dismissal of the complaint, the court stated, "[Defendants] fail[ed] to note, however, that four of the five years of litigation between the filing of the initial complaint and the remittitur from the Court of Appeal, were because [defendants] chose, unsuccessfully, to appeal the trial court's ruling on a special motion to strike and all proceedings were stayed pending resolution of the appeal. By the time the Court of Appeal ruled four years later, the [District's] Board of Directors, having achieved their primary objective of securing the return of the funds and property, reasonably determined that continuing with the litigation was not a good use of court resources or the limited public resources of their small special district. Both the trial court and the Court of Appeal found [the District] had a reasonable probability of prevailing on the merits."

As it pertained to Olson's cross-complaint, the trial court found the District timely filed a memorandum of costs because the time periods set forth in California Rules of

4

Court, rule 3.1700 did not begin to run until the District had actual notice of the dismissal of the cross-complaint. The court awarded the District $180 in costs, payable by Olson to the trial court because the District was exempt from filing fees. The $180 constituted the costs for filing a demurrer to the cross-complaint and two motions to strike.

Defendants appeal.

DISCUSSION[4]

I

*The Trial Court Did Not Err By Determining The District*

*Was The Prevailing Party Related To The Complaint*

Defendants contend the trial court erred when determining the prevailing party related to the complaint. They argue they were the prevailing party as a matter of right because they were defendants in whose favor a dismissal was entered. We disagree.

" '[T]he right to recover costs is purely statutory, and, in the absence of an authorizing statute, no costs can be recovered by either party.' " (*Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439.) Section 1032, subdivision (b), is an authorizing statute, providing that "[e]xcept as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." Defining the

---

**4**    There is a split of authority concerning whether a costs order entered after a voluntary dismissal without prejudice is an appealable order. (Compare *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 351-355 [costs order following voluntary dismissal without prejudice is an appealable judgment because it is a final determination of rights of the parties in the action], with *Mon Chong Loong Trading Corp. v. Superior Court* (2013) 218 Cal.App.4th 87, 92 [costs order following voluntary dismissal without prejudice is not appealable postjudgment order, but the appellate court in its discretion may treat an appeal therefrom as a petition for a writ of mandate].) We need not decide which case is more persuasive. Even assuming the costs orders were not appealable, because defendants would otherwise be deprived of any opportunity for appellate review of the trial court's orders, we would exercise our discretion to treat the notice of appeal as a petition for a writ of mandate.

5

term "prevailing party," section 1032, subdivision (a)(4) states: " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. If any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not and, if allowed may apportion costs between the parties on the same or adverse sides pursuant to rules adopted under Section 1034."

Section 1032, subdivision (a)(4), classifies prevailing parties into two distinct groups. The first group is comprised of four categories of litigants -- including a defendant in whose favor a dismissal is entered -- who qualify automatically as prevailing parties. "[T]he trial court has no discretion to deny prevailing party status to a litigant who falls within one of the four statutory categories in the first prong of the provision." (*Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 975, disapproved on another ground in *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1333-1338; accord, *Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1197-1198.) Whether a party falls within one of the four categories authorizing the recovery of costs as a matter of right is a question of law we review de novo. (*Charton v. Harkey* (2016) 247 Cal.App.4th 730, 739.)

Section 1032 also identifies a second group -- parties who recover other than monetary relief and those in situations other than as specified in the first prong of the statute -- for which the trial court may exercise its discretion to determine who is the prevailing party and award costs accordingly. (*Wakefield v. Bohlin*, *supra*, 145 Cal.App.4th at p. 977.) The second prong "calls for the trial court to exercise its discretion both in determining the prevailing party and in allowing, denying, or apportioning costs. It operates as an express statutory *exception* to the general rule that a prevailing party is entitled to costs as a matter of right." (*Ibid*, italics added.) In

6

determining who is a prevailing party under section 1032, subdivision (a)(4), the consideration of litigation objectives is relevant only to the second, discretionary prong of section 1032, subdivision (a)(4).  (See *Lincoln v. Schurgin* (1995) 39 Cal.App.4th 100, 105.)

The trial court appeared to believe the proceeding related to the complaint was an action in which a "party recover[ed] other than monetary relief . . . ."  (§1032, subd. (a)(4).)  We base this conclusion on the trial court's discretionary analysis and finding the District realized its litigation objectives, entitling it to prevailing party status. Defendants argue the trial court was not permitted to skip to the discretionary prong of section 1032 without first determining whether a party fell in one of the four categories described in the mandatory prong of section 1032.  We disagree.

As described, the second prong of section 1032, subdivision (a)(4) operates as an *exception* to the first prong.  (*Wakefield v. Bohlin*, *supra*, 145 Cal.App.4th at p. 977.)  In *Pirkig*, the court analyzed the relevant statutory language and held that "[t]he word 'includes' [at the start of section 1032, subdivision (a)(4)] is an open-ended term which is expansive in scope and fails to limit the definition of the prevailing party to the enumerated instances."  (*Pirkig v. Dennis* (1989) 215 Cal.App.3d 1560, 1565, disapproved on another ground in *Goodman v. Lozano*, *supra*, 47 Cal.4th at p. 1337.) The *Pirkig* court considered the language in the second prong and stated the second prong permitted "parties who do not recover monetary relief *or* ones who do not come within the enumerated examples, . . . [to] be declared prevailing parties and awarded costs in the discretion of the court."  (*Pirkig*, at p. 1566, italics added; accord, *Texas Commerce Bank v. Garamendi* (1994) 28 Cal.App.4th 1234, 1249.)

Thus, a trial court must declare a party a prevailing party under the first prong of section 1032 if that party falls within the enumerated categories, unless any party recovers other than monetary relief or the action presents a situation other than specified. Under the latter two circumstances, it falls to the discretion of the court to determine the

prevailing party. The trial court is not required to initially find the first prong inapplicable, i.e., find a situation other than specified, before determining the action is an action in which "any party recovers other than monetary relief." (*Wolf v. Walt Disney Pictures & Television* (2008) 162 Cal.App.4th 1107, 1142 [where defendant prevailed on a cross-complaint for declaratory relief, trial court could exercise discretion to determine prevailing party even though plaintiff obtained net monetary recovery]; *Lincoln v. Schurgin*, *supra*, 39 Cal.App.4th at pp. 104-105 [trial court had discretion to determine prevailing party where plaintiffs recovered a money judgment but defendants won declaratory relief].)

Even so, defendants argue we may not consider the temporary restraining order when determining which party prevailed because a ruling on a temporary restraining order is not a *judgment* in favor of any party and does not determine the merits of a controversy. Defendant's position finds some support in *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770. There, the plaintiff filed a petition to enjoin a police officer from harassing her and obtained a temporary restraining order ex parte pursuant to allegations the police department initiated a formal investigation of the officer after plaintiff made a report accusing him of sexual battery. The officer disputed the allegations of the petition. On the scheduled hearing date, a judge was not available, and plaintiff would not accept a temporary judge, so the hearing was continued. In the interim, the officer served plaintiff with discovery, and she dismissed the case with prejudice. (*Id.* at p. 1774.)

On appeal, the plaintiff argued she was the prevailing party because "she achieved what she wanted by obtaining the [temporary restraining order] since it was unlikely [the officer] would bother her after she filed her complaint with the police department." (*Alder v. Vaicius*, *supra*, 21 Cal.App.4th at p. 1774.) The court rejected this reading of section 1032's definition of a prevailing party. The court observed the unique nature of civil restraining orders executed under section 527.6, which provided for expedited injunctive relief to victims of harassment, but also extended important due process

8

safeguards to the party to be enjoined, including a hearing in front of a judge, who is required to receive all relevant evidence and to issue an injunction only upon clear and convincing evidence. The *Adler* court refused to "turn these safeguards on their head" by accepting the plaintiff's theory "a person could obtain a [temporary restraining order] ex parte and then, prior to [a] hearing on the injunction, dismiss the proceedings and claim attorney fees [and costs] as [the] prevailing party before the restrained party had the opportunity for a hearing on the merits." (*Alder*, at p. 1775.)

This case is not like *Adler* because defendants were afforded a noticed hearing on the merits before the trial court executed the temporary restraining order. Further, a final merits determination is not required before a court can award costs, as defendants contend. Indeed, costs are available to a defendant following a voluntary dismissal without prejudice. (*Cano v. Glover* (2006) 143 Cal.App.4th 326, 331 ["[d]efendant is entitled to costs regardless of whether the dismissal is with or without prejudice"].) A dismissal without prejudice is not a final determination on the merits and leaves open the possibility of a future action on the same issue, which can be resolved in the plaintiff's favor despite the earlier dismissal and awarding of costs to the defendant. (*Cardiff Equities, Inc. v. Superior Court* (2008) 166 Cal.App.4th 1541, 1550 [" '[a] dismissal "without prejudice" necessarily means without prejudice to the filing of a new action on the same allegations, so long as it is done within the period of the appropriate statute of limitations' "].)

Given this distinction, we apply the definition of recovery supplied by our Supreme Court. " ' "The word 'recover' [as used in section 1032] means 'to gain by legal process' *or* 'to obtain a final legal judgment in one's favor.' " ' " (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1153, italics added.) We also consider the purpose of section 1032 in determining whether the temporary restraining order executed here is recovery within the meaning of the statute. " 'Costs are allowances which are authorized to reimburse the successful party to an action or

9

proceeding and are in the nature of incidental damages to indemnify a party against the expense of successfully asserting his rights.' [Citation.] ' "The theory upon which [costs] are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to a defendant, that the plaintiff sued him without cause. Thus the party to blame pays costs to the party without fault." ' [Citation.] [¶] Section 1032 codifies this approach to allocating costs . . . ." (*DeSaulles*, at p. 1147.)

Here, the District was not an unsuccessful party. The operative complaint was not dismissed because the District sued defendants without cause. A temporary restraining order was issued earlier in the proceeding, and the property demanded by the District in the restraining order, as well as in each iteration of the complaint, was returned. That the District decided to forego pursuing the causes of action alleged in the operative complaint does not erase the recovery it gained through the legal process, especially here where defendants did not assert an entitlement to the property in question. Accordingly, it fell to the discretion of the trial court to determine which party was the prevailing party because a party recovered other than monetary relief. (See *Wakefield v. Bohlin*, *supra*, 145 Cal.App.4th at p. 977.)

In that regard, defendants argue the trial court abused its discretion by failing to provide a "real legal or factual analysis . . . as to <u>why</u> Olson and/or Harrell do not fit within the structure of [section ]1032[, subdivision ](a)(4) . . . ." as a prevailing party determined within the court's discretion. We disagree. The trial court's order clearly reflects it believed defendants were not the prevailing party because the District "succeeded at a practical level of realizing the primary objective of the lawsuit." Specifically, the trial court found the lawsuit arose out of defendants' conduct of taking money and property belonging to the District, which was not returned until a complaint and temporary restraining order were filed and defendants were ordered multiple times to return the property. While unresolved causes of action remained in the operative complaint when the District dismissed it, the fact remains that the District realized its

10

litigation objectives. The realization of litigation objectives was a permissible reason to award costs to the District. (See *Lincoln v. Schurgin*, *supra*, 39 Cal.App.4th at p. 105; *Pirkig v. Dennis*, *supra*, 215 Cal.App.3d at p. 1565.) For this reason, defendants cannot demonstrate prejudicial error in the trial court's consideration of their unsuccessful anti-SLAPP motion. Accordingly, the trial court did not abuse its discretion by determining the District to be the prevailing party.

## II

### *The District's Memorandum Of Costs*
### *Related To The Cross-Complaint Was Untimely Filed*

The trial court found the District timely filed a memorandum of costs related to the dismissal of the cross-complaint even though it was filed years after Olson dismissed the cross-complaint. The trial court did so because the District's memorandum was filed within the time required by the California Rules of Court from when the District knew Olson dismissed the cross-complaint. Olson contends this was error. We agree.

The procedure for seeking to recover costs is specified in California Rules of Court, rule 3.1700(a)(1). It provides, in relevant part: "A prevailing party who claims costs must serve and file a memorandum of costs within 15 days after the date of service of the notice of entry of judgment or dismissal by the clerk under . . . section 664.5 or the date of service of written notice of entry of judgment or dismissal, or within 180 days after entry of judgment, whichever is first."

Olson argues that, because the District did not file a memorandum of costs within the provided deadlines, the trial court lost jurisdiction to award costs. Not so. The time limitation to file a memorandum of costs is mandatory but not jurisdictional. (*Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co*. (1990) 223 Cal.App.3d 924, 929; accord, *Sanabria v. Embrey* (2001) 92 Cal.App.4th 422, 426.) Because the provided deadline in California Rules of Court, rule 3.1700 is not jurisdictional, "a trial court has broad discretion in allowing relief from a late filing where . . . there is an absence of a showing

11

of prejudice to the opposing party." (*Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485, 488.)

The District, however, did not request relief to file a late memorandum of costs and the trial court did not address whether the District could be permitted to file a late memorandum of costs. Thus, our inquiry is simply whether the District's memorandum of costs was timely. We agree with Olson that the District did not timely file a memorandum of costs.

There is no record of a notice of entry of dismissal being served. Olson does not appear to have served such a notice, even though she was obligated to so, as the trial court noted. (§ 1034, subd. (a); Cal. Rules of Court, rule 3.1390.) The court clerk signed a copy of Olson's request for dismissal of the cross-complaint, indicating dismissal was entered on March 25, 2015. Even assuming service of the request for dismissal could function as a notice of entry of dismissal, as Olson argues, the trial court found the District did not have notice of the requested dismissal. Because nothing triggered the 15-day deadline, the District had 180 days from the entry of dismissal to file its memorandum of costs. (Cal. Rules of Court, rule 3.1700(a)(1).)

Citing *Sanabria*, the District contends the 15-day deadline is triggered only when a notice of entry of dismissal is served. (*Sanabria v. Embrey*, *supra*, 92 Cal.App.4th at p. 429.) The District does not cite to the relevant portion of *Sanabria*. At page 429, the *Sanabria* court discusses the relevant deadlines involved in requesting attorney fees under the applicable rules of court. (*Ibid.*) In the court's discussion related to costs at page 426, the *Sanabria* court clearly stated the time limits provided by the former applicable rule of court, now California Rules of Court, rule 3.1700, are mandatory. (*Sanabria*, at p. 426.) As stated, the District had 15 days after notice of the entry of judgment or dismissal or 180 days after entry of judgment, whichever is first. (*Ibid.*; see *Gagnon Co. v. Nevada Desert Inn* (1955) 45 Cal.2d 448, 455 [dismissal without prejudice has effect of final judgment because it concludes rights of parties in the

12

particular action].)  These rules are mandatory.  (*Hydratec, Inc. v. Sun Valley 260 Orchard & Vineyard Co.*, *supra*, 223 Cal.App.3d at p. 929.)  The District provides no authority for the proposition the deadlines provided by California Rules of Court, rule 3.1700 are triggered upon actual notice of dismissal, as opposed to the plain language provided in the rule.  Indeed, the District had a remedy for its lack of notice, which was to request relief to file a late memorandum of costs.  It failed to request such relief.  Accordingly, the District did not file a timely memorandum of costs and the trial court erred when ruling to the contrary.

## DISPOSITION

The costs order related to the cross-complaint requiring Olson to "pay costs in the amount of $180 to the Siskiyou County Superior Court . . ." is reversed.  The costs order related to the complaint finding the District the prevailing party is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


/s/
Robie, Acting P. J.


We concur:


/s/
Duarte, J.


/s/
Renner, J.

13