Filed 2/27/15  Barez v. Ni CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FRED BAREZ et al., <br><br>     Plaintiffs, Cross-defendants, and Respondents, <br><br>     v. <br><br> NICK ZHI NI et al., <br><br>     Defendants, Cross-complainants, and Appellants. | H040654 <br> (Santa Clara County <br> Super. Ct. No.1-10-CV170304) |

Appellants Fred Barez and Rank Technology Corporation appeal from an order denying their request for attorney fees for a successful appeal in a dispute with respondents Nick Ni and Renee Zhou over a lease of appellants' commercial property. Appellants contend that the lease provided for attorney fees to the prevailing party in an appeal, regardless of that party's success in the underlying litigation and independently of Civil Code section 1717 (section 1717).  We will affirm the order.

*Background*

After respondents attempted to cancel their lease, Rank Technology Corporation and its sole shareholder, Barez, sued them for breach of contract and breach of guaranty. Respondents cross-complained for fraudulent inducement and breach of contract.  A jury denied relief to both parties, and both then requested attorney fees under section 1717. The trial court, however, determined that neither party had prevailed, and we upheld that ruling on appeal (*Barez, et al. v. Ni, et al.* (July 31, 2013, H037572) [nonpub opn.]).

The respondents in that appeal, now appellants, sought their attorney fees for the appeal, citing the fee provision of the lease.[1]  The court's denial of that motion occasioned this timely appeal.

*Discussion*

In most contract actions, a party claiming attorney fees relies on section 1717 to enforce a provision in the contract for attorney fees to the prevailing party.[2]  Appellants take a different approach; they attempt to distance themselves from that statute and instead insist that their right to recover is governed exclusively by the language of the attorney fees provision in the lease.  According to their reasoning, section 1717 pertains to an entire action, whereas they sought fees for only a part of the action, the appeal.  The lease, appellants explain, "isolates attorney fees on appeal from fees in the overall action and explicitly allows for the recovery of fees on the appeal, irregardless [*sic*] of the determination of the prevailing party in the entire action."  They further assert that "[t]he

[1]  The attorney fees provision in the lease stated, in relevant part:  "If any Party or Broker brings an action or proceeding involving the Premises whether founded in tort, contract or equity, or to declare rights hereunder, the Prevailing party (as hereafter defined) in any such proceeding, action, or appeal thereon, shall be entitled to reasonable attorneys' fees.  Such fees may be awarded in the same suit or recovered in a separate suit, whether or not such action or proceeding is pursued to decision or Judgment.  The term, 'Prevailing Party' shall include, without limitation, a Party or Broker who substantially obtains or defeats the relief sought, as the case may be, whether by compromise, settlement, judgment, or abandonment by the other Party or Broker of its claim or defense."

[2]  Section 1717 provides, in pertinent part:  "(a) In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.  [¶] Where a contract provides for attorney's fees, as set forth above, that provision shall be construed as applying to the entire contract, unless each party was represented by counsel in the negotiation and execution of the contract, and the fact of that representation is specified in the contract."

2

law allows an attorney fee provision to be interpreted by either looking at the action as a whole or looking at trial proceedings and appellate proceedings *in isolation*."

Appellants cannot simply cast aside section 1717 because their contract appears to separate fees on appeal from those incurred in the litigation below. No authority supports that position. "[T]he definition of 'prevailing party' in Civil Code section 1717 is mandatory and cannot be altered or avoided by contract . . . . Contractual provisions that conflict with the 'prevailing party' definition under section 1717 are void." (*Exxess Electronixx v. Heger Realty Corp*. (1998) 64 Cal.App.4th 698, 707, citing *Santisas v. Goodin* (1998) 17 Cal.4th 599, 615-617 (*Santisas*) [after plaintiff's voluntary dismissal, § 1717 precludes attorney fees to defendant notwithstanding fee allowance in contract]; see also *Walker v. Ticor Title Co. of California* (2012) 204 Cal.App.4th 363, 373 ["[p]arties to a contract cannot . . . enforce a definition of 'prevailing party' different from that provided in Civil Code section 1717."].)

In *Santisas*, the defendants advanced a claim analogous to that of appellants here, arguing that "even if . . . they are not 'prevailing part[ies]' as defined in section 1717, and thus they may not claim attorney fees under section 1717, their contractual right to recover attorney fees is not affected by section 1717. Stated differently, defendants argue in favor of a construction of section 1717 under which that provision operates only to *permit* recovery of attorney fees that would not otherwise be recoverable as a matter of contract law and never to *bar* recovery of attorney fees that would otherwise be recoverable as a matter of contract law." (*Santisas*, *supra*, 17 Cal.4th at pp. 615-616.) Our Supreme Court explicitly rejected this proposition, in part because it would be inconsistent with the Legislature's intent "to establish uniform treatment of fee recoveries in actions on contracts containing attorney fee provisions and to eliminate distinctions based on whether recovery was authorized by statute or by contract. A holding that in contract actions there is still a separate contractual right to recover fees that is not governed by section 1717 would be contrary to this legislative intent." (*Id*. at p. 616.)

3

Thus, even if appellants correctly interpret the disputed fee term in the lease, they cannot use that clause to avoid the controlling provisions of the statute, because "[s]ection 1717 alone determines a party's entitlement to attorney fees under a contractual fee provision." (*Frog Creek Partners*, *LLC v. Vance Brown*, *Inc.* (2012) 206 Cal.App.4th 515, 544 (*Frog Creek*).)

No authority cited by appellants convinces us otherwise. Appellants' reliance on Code of Civil Procedure section 1021 and *Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099 (*Snyder*) is misplaced. Code of Civil Procedure section 1021 merely codifies the American rule, by stating, "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties . . . ." Section 1717 provides that statutory exception. "Although Code of Civil Procedure section 1021 gives individuals a rather broad right to 'contract out' of the American rule by executing such an agreement, these arrangements are subject to the restrictions and conditions of section 1717 in cases to which that provision applies." (*Trope v. Katz* (1995) 11 Cal.4th 274, 279.)

*Snyder* involved a tort action, in which the appellate court concluded that the defendant, who had succeeded in a prior "partial appeal," was not entitled to its attorney fees for that appeal, as it "was not the overall prevailing party in the litigation." (*Snyder*, *supra*, 46 Cal.App.4th at p. 1101.) It was instead the plaintiff, who had received a net judgment, who was "clearly the prevailing party on the contract." (*Id*. at p. 1102.) The court applied section 1717, as it was the basis for the fees claimed in the trial court; but in dictum it also Code of Civil Procedure section 1021, which the defendant had belatedly raised on appeal. The latter statute was inapplicable, however, because the parties' contract language had not provided for attorney fees for a successful *partial* appeal. The defendant, Marcus & Millichap, was thus not entitled to fees under Code of Civil Procedure section 1021 because its success in the partial appeal "[did] not make Marcus

4

& Millichap the 'prevailing party' *in the lawsuit between the parties.* [Citation.]" (*Snyder*, *supra*, at p. 1104, italics added.)  It was this fact that drove the outcome in *Snyder*.  The court did not address any hypothetical conflict between a provision allowing fees for a successful partial appeal in derogation of section 1717 and those incurred in the litigation as a whole.

Having premised their position on appeal on the independence of the lease term from section 1717, appellants do not discuss the recoverability of their appellate fees under that statute.  We nonetheless note that section 1717 does not permit contractual attorney fees to different parties at different stages of a lawsuit.  On the contrary, "section 1717 does not support an award to the prevailing party on appeal, but only to the prevailing party in the *lawsuit*."  (*Wood v. Santa Monica Escrow Co.* (2009) 176 Cal.App.4th 802, 808, italics added (*Wood*).)  "[T]he trial and appeal are treated as parts of a single proceeding.  The party prevailing on appeal is not necessarily the prevailing party for the purposes of awarding contractual attorney fees." (*Id.* at p. 806.)  "Apportionment of fees is surely correct where the final result in a case is both victory and loss for both sides, e.g., where plaintiff recovers on his complaint and defendant recovers on a cross-claim.  Apportionment, however, should not be based on the fact a party makes successful procedural maneuvers during trial but loses the case. If such apportionment were allowed, a party who wins an unmitigated victory in a case where fees are provided for by contract would have his right to fees offset by the fact his opponent won discovery, evidentiary or other rulings during trial." (*Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 962.)  Thus, "the prevailing party must be determined by who prevails *overall in the lawsuit*." (*Wood*, *supra*, at p. 806, italics added.)  As in *Wood*, a trial court may deny fees to a successful party on appeal who was not the prevailing party "in the lawsuit considered as a whole." (*Id.* at p. 804.)

Appellants again cite no authority for a contrary conclusion.  *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 929 did not endorse the "isolation" of the appeal

5

from the overall action in determining entitlement to attorney fees.  That case merely confirmed that the trial court could award attorney fees to the prevailing party, including those incurred on appeal, even if the appellate court orders the parties to bear their own appellate *costs*.  (See also *Harbour Landing-Dolfann*, *Ltd*. *v*. *Anderson* (1996) 48 Cal.App.4th 260, 264-265 [trial court had jurisdiction to award attorney fees after the appeal even if not directed to do so by the appellate court].)

Appellants do not, nor can they, dispute that they were not the overall prevailing party in this "action on a contract," within the meaning of section 1717.  An "action" in this context "refers to *the entire judicial proceeding* . . . .  Procedural steps taken during pending litigation are not an 'action' within the meaning of section 1717." (*Roberts v. Packard*, *Packard & Johnson* (2013) 217 Cal.App.4th 822, 832 [italics added and some internal quotation marks omitted]; *Frog Creek*, *supra*, 206 Cal.App.4th at p. 527, fn. 6 ["courts generally treat the term 'action,' as defined by Code of Civil Procedure section 22, as referring to the whole of a lawsuit rather than to discrete proceedings within a lawsuit"]; cf. *Salawy v. Ocean Towers Housing Corp*. (2004) 121 Cal.App.4th 664, 672 [a procedural step within an action does not constitute an " 'action to enforce' "].)  "[W]ithin a given lawsuit, there can be only one prevailing party entitled to attorney fees as the party prevailing on the contract." (*Frog Creek*, *supra*, at p. 539.)  Because appellants were not adjudged to be the prevailing party in the action overall, the trial court properly denied them their attorney fees for that portion in which they were successful.

*Disposition*

The order is affirmed.

_____

ELIA, J.

WE CONCUR:


_____

RUSHING, P. J.


_____

PREMO, J.