Filed 3/26/15  Lafferty v. Wells Fargo Bank CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

|  |  |
|---|---|
| PATRICK LAFFERTY et al., | |
| Plaintiffs and Appellants, | C074843 |
| v. | (Super. Ct. No. CV030892) |
| WELLS FARGO BANK, | |
| Defendant and Respondent. | |

In *Lafferty v. Wells Fargo Bank* (2013) 213 Cal.App.4th 545 (*Lafferty I*), we reversed in part and affirmed in part the dismissal of an action by Patrick and Mary Lafferty (the Laffertys) against Wells Fargo Bank (Wells Fargo).  In the disposition of *Lafferty I*, we awarded the Laffertys their *costs* on appeal.  (*Id.* at p. 573.)  After the case was remanded to the trial court, the Laffertys moved for costs *and attorney fees*.  The Laffertys sought attorney fees based on contractual fee shifting, the private attorney general statute (Code Civ. Proc., § 1021.5), and "the equitable private attorney general doctrine."  The trial court granted costs in part but denied attorney fees as premature because causes of action remain to be tried.

1

In this appeal, the Laffertys contend they should have been awarded attorney fees on grounds that (1) they believe they will inevitably prevail against Wells Fargo, (2) they should be compensated under the private attorney general statute for pursuing an important legal issue in *Lafferty I*, (3) our disposition in *Lafferty I* constitutes a "final judgment" warranting the immediate award of attorney fees, (4) equitable considerations compel the award of attorney fees in light of the Laffertys' advanced age and costs of litigation, (5) their requests for attorney fees and a lodestar multiplier were reasonable, and (6) the trial court should have issued a statement of decision on their motion for attorney fees and costs.[1]

We reject the Laffertys' contentions because costs on appeal do not include attorney fees. (Cal. Rules of Court, rule 8.278(d)(2).)[2] And we agree with the trial court that the request for attorney fees was prematurely filed. Our disposition in *Lafferty I* stated that, "[o]n remand, Patrick and Mary Lafferty *may proceed to trial*" on their causes of action for negligence and under the Consumer Legal Remedies Act (CLRA) (Civ. Code, § 1770 et seq.). (Italics added.) (*Lafferty I, supra*, 213 Cal.App.4th at pp. 572-573.) The Laffertys have not yet prevailed while their remaining causes of action still await trial. Until they are successful in proving their claims against Wells Fargo, their motion for attorney fees remains premature. Given the premature nature of the motion for attorney fees, we do not address the Laffertys' arguments that they requested a reasonable amount of attorney fees. As to the Laffertys' contention the trial court was required to issue a statement of decision, we deem the contention forfeited for failure to

---

[1]    The Laffertys do not argue that the trial court erred by reducing their claimed costs.

[2]    Undesignated rule references are to the California Rules of Court.

2

develop the argument. Accordingly, we affirm the order awarding costs and denying attorney fees.

FACTUAL AND PROCEDURAL HISTORY

***The Disposition in Lafferty I***

As we recounted in *Lafferty I*, the Laffertys "bought a motor home from Geweke Auto & RV Group (Geweke) that was financed with an installment contract. Shortly after the sale, Geweke assigned the contract to [Wells Fargo] in accordance with the terms of a separate dealer agreement. The Laffertys allege the motor home was defective from the start. After months passed without the demanded repairs being made, the Laffertys disclaimed their ownership interest in the vehicle and sued Geweke. The Laffertys also sued Wells Fargo on the ground the Holder Rule[3] allows them to assert all claims against the lender they otherwise had against the dealer. [¶] The trial court concluded the Holder Rule did not allow the Laffertys to assert claims against a lender that pertained only to the responsibilities of the seller. Finding no other consumer laws supported the Laffertys' claims against Wells Fargo, the trial court entered judgment in favor of Wells Fargo. The trial court also awarded attorney fees to Wells Fargo." (*Lafferty I, supra*, 213 Cal.App.4th at p. 550.)

We concluded that "the plain meaning of the Holder Rule allows the Laffertys to assert all claims against Wells Fargo they might otherwise have against Geweke. Under

---

**3** The Holder Rule is a consumer contract provision required by title 16, section 433.2, of the Code of Federal Regulations (2012) that states in 10-point (or larger) and bold typeface: "NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." (See generally *Lafferty I, supra*, 213 Cal.App.4th at p. 550.)

the Holder Rule, however, the Laffertys may recover no more than what they actually paid toward the installment contract. Although the Holder Rule allows the same claims against a lender that might be brought against the seller, it does not create any causes of action." (*Lafferty I, supra*, 213 Cal.App.4th at p. 551.)

We reversed to allow the Laffertys to pursue causes of action against Wells Fargo under the CLRA and for common law negligence. (*Lafferty I, supra,* at p. 550.) However, we affirmed the trial court's dismissal of the Laffertys' claims for negligent defamation of credit, breach of warranty, breach of contract, breach of the covenant of good faith and fair dealing, violation of the Song–Beverly Consumer Warranty Act (Civ. Code, § 1790 et seq.), violation of the Tanner Consumer Protection Act (Civ. Code, § 1793.22), unfair business practices, and declaratory and injunctive relief. (*Id.* at p. 551.)

The disposition in *Lafferty I* stated that "[t]he judgment is reversed insofar as the trial court (1) sustained the demurrer to Patrick and Mary Laffertys' causes of action for negligence and under the Consumer Legal Remedies Act (Civ. Code, § 1770 et seq.), and (2) awarded attorney fees to Wells Fargo Bank. On remand, Patrick and Mary Lafferty may proceed to trial on these two causes of action against Wells Fargo Bank that the Laffertys would otherwise have had only against Geweke Auto & RV Group but for the Holder Rule, title 16, section 433.2, of the Code of Federal Regulations. Patrick and Mary Lafferty shall recover their *costs* on appeal. (. . . rule 8.278(a)(3) & (5).)" (*Lafferty I, supra*, 213 Cal.App.4th at pp. 572-573, italics added.)

### The Laffertys' Motion for Costs and Attorney Fees

After the remittitur issued in *Lafferty I*, the Laffertys filed in the trial court a memorandum of costs on appeal in which they sought $5,631.08 in costs and $232,110 in attorney fees. Wells Fargo filed a motion to tax costs and an opposition to the request for attorney fees. The trial court denied the attorney fees motion as premature, declined to

4

issue a statement of decision, and awarded $2,495.29 in costs. From the order, the Laffertys timely appeal.

## DISCUSSION

### I

### *Costs on Appeal*

The Laffertys argue the trial court erred in denying their motion for appellate attorney fees after our decision in *Lafferty I*. We disagree.

### A.

### *Rule 8.278*

The award of costs in *Lafferty I* was based on rule 8.278. (213 Cal.App.4th at p. 573.) Subdivision (d)(2) of rule 8.278 states that, "[u]nless the court orders otherwise, an award of costs neither includes attorney's fees on appeal nor precludes a party from seeking them under rule 3.1702."[4] Because *Lafferty I* did not expressly award attorney fees (213 Cal.App.4th at pp. 572-573), rule 8.278(d)(2) operated to limit the Laffertys to claiming costs.

Our award of costs under rule 8.278 did not indicate who might eventually be the prevailing party in this case. "[A]n award of costs on appeal does not determine, or even indicate, who is the prevailing party in the lawsuit for the purpose of awarding fees." (*Wood v. Santa Monica Escrow Co.* (2009) 176 Cal.App.4th 802, 807.) On this ground, we reject the Laffertys' contention that our disposition in *Lafferty I* constituted a "final judgment" after which attorney fees should be awarded.[5] (See also *Bank of Idaho v. Pine*

---

[4] Rule 3.1702 sets forth the procedure by which statutory and contractual attorney fees -- including those incurred on appeal -- may be claimed in civil cases. Rule 3.1702, however, does not purport to include attorney fees in "costs" for purposes of rule 8.278.

[5] The Laffertys also assert the "remittitur of this court was a final, separate judgment." The assertion is erroneous because a remittitur simply "revests the jurisdiction of the subject matter in the lower court." (*In re Justin S.* (2007) 150

*Avenue Associates* (1982) 137 Cal.App.3d 5, 15 [explaining a prior appeal did not result in "final judgment" or entitle winning party on appeal to recover anything other than "ordinary costs on appeal"], disapproved of on another ground in *Snyder v. Marcus & Millichap* (1996) 46 Cal.App.4th 1099.)

We reject the Laffertys' reliance on *Lucky United Properties Investments, Inc. v. Lee* (2013) 213 Cal.App.4th 635. *Lucky* involved the unique circumstances of an anti-SLAPP case under Code of Civil Procedure section 425.16. Affirmance of an order granting an anti-SLAPP motion ordinarily does determine the prevailing party in the case and, after remand, allows the trial court to award appellate costs and fees. (*Id.* at p. 655.) Nonetheless, the *Lucky* court recognized if an anti-SLAPP dismissal of a lawsuit is reversed on appeal for further proceedings in the trial court, "an award of appellate costs and fees under the statute might be premature." (*Ibid.*) In *Lafferty I*, we reversed in part for further proceedings in the trial court. Thus, even under *Lucky*, an award of attorney fees is premature.

The Laffertys rely on *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918 to argue that our prior disposition necessarily involved an award of costs *and* attorney fees. In *Butler-Rupp,* the first appeal included a disposition that each side bear its own costs on appeal. After the trial court awarded attorney fees to respondents, a second appeal was taken to challenge the attorney fees as inconsistent with the disposition that each side was to bear its own costs. (*Id.* at p. 922.) The *Butler-Rupp* court affirmed the award of attorney fees because the disposition's specification of costs "had no bearing on the entitlement to attorney fees." (*Id.* at p. 928.) As in *Butler-Rupp*, the specification of costs in the disposition of *Lafferty I, supra,* 213 Cal.App.4th 545 did not indicate who might eventually be entitled to attorney fees.

---

Cal.App.4th 1426, 1434.) A remittitur is not a judgment, but a document prepared by the clerk of the court to mark the end of our jurisdiction over an appeal. (Rule 8.272(a)-(d).)

The disposition in *Lafferty I* offers the Laffertys no basis for claiming attorney fees. To the contrary, our remand for trial on the remaining causes of action rendered the motion for attorney fees premature.

**B.**

### *Civil Code section 1717*

The Laffertys contend their attorney fees motion should have been granted under Civil Code section 1717. We reject the contention.

On this issue, we find instructive the case of *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959 (*Presley*). *Presley* involved a breach of contract action in which the underlying agreement contained a fee-shifting clause subject to Civil Code section 1717. (*Id.* at p. 960.) Defendant Whelan obtained summary judgment, which plaintiff Presley succeeded in having overturned on appeal. (*Ibid.*) After remand, the trial court awarded attorney fees even though triable issues remained pending. The defendant appealed the award of attorney fees. (*Ibid.*)

The *Presley* court reversed the award of fees as premature and explained: "Civil Code section 1717 validates the type of contractual provision involved here and requires the courts to award fees to the prevailing party in actions on contracts containing such clauses. Here, however, there is no prevailing party. The winner in the action between Presley and Whelan is yet to be determined. The reversal of the summary judgment is merely an interim stage of the litigation, much the same as a denial of a summary judgment motion or an overruling of a demurrer in the trial court. For this reason, it is well settled a party who prevails on appeal is not entitled under a section 1717 fee provision to the fees he [or she] incurs on appeal where the appellate decision does not decide who wins the lawsuit but instead contemplates further proceedings in the trial court [citations]. An attorney fee award under a provision such as the one involved here must wait until the lawsuit is completely and finally decided [citation]. The superior

7

court here erred in granting Presley its fees while the underlying lawsuit continues." (*Presley, supra,* 146 Cal.App.3d at p. 961, fn. omitted.)

Here, as in *Presley*, any award of attorney fees remains premature while there are pending causes of action in the trial court. "The problem with allowing a plaintiff who has succeeded in having a summary judgment against him [or her] reversed, but who ultimately loses the case, to collect the fees he [or she] incurred on the appeal is the focus on procedural victories during the course of trial rather than on the final disposition of the substantive issues." (*Presley*, *supra*, 146 Cal.App.3d at p. 962.) The same is true for a plaintiff who succeeds in having a demurrer overturned on appeal. (*Id.* at pp. 961-962.)

The Laffertys argue they are necessarily already the prevailing party because of the judgment they obtained against Geweke, the codefendant of Wells Fargo. We reject the argument. The trial court severed trial against Geweke from the action against Wells Fargo. Although Geweke had a judgment entered against it after Geweke failed to appear at trial, Wells Fargo has not yet won or lost at trial. (*Lafferty I, supra*, 213 Cal.App.4th at pp. 556, 572-573.) "A party's default does not bind nondefaulting codefendants, even when the basis for the action against the codefendants is vicarious liability arising from the acts of the defaulting defendant." (*Western Heritage Ins. Co. v. Superior Court* (2011) 199 Cal.App.4th 1196, 1211.)

Even if we were to assume the Laffertys will prevail against Wells Fargo, an award of fees for their interim success in the first appeal would nonetheless be premature. "[I]n deciding whether there is a 'party prevailing on the contract,' the trial court is to compare the relief awarded on the contract claim or claims with the parties' demands on those same claims and their litigation objectives as disclosed by the pleadings, trial briefs, opening statements, and similar sources. *The prevailing party determination is to be made only upon final resolution of the contract claims and only by 'a comparison of the*

8

*extent to which each party ha[s] succeeded and failed to succeed in its contentions.*' " (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 876, quoting *Bank of Idaho v. Pine Avenue Associates* (1982) 137 Cal.App.3d 5, 15, italics added.)

The Laffertys argue for a piecemeal approach to attorney fees shifting in which, as they assert, "[t]he Laffertys' lawyer will use the funds to finance the rest of the case." We reject an approach based on interim awards of attorney fees that fuel continued litigation. Instead, we adhere to the well-settled rule that "the prevailing party determination cannot be made until the parties' requests for relief . . . have been resolved either in court or . . . arbitration." (*Roberts v. Packard, Packard & Johnson* (2013) 217 Cal.App.4th 822, 831.) Thus, Civil Code section 1717 does not compel an interim award of attorney fees.

## C.

### *Private Attorney General Statute*

Likewise, we reject a piecemeal approach to attorney fees awards under the private attorney general statute. (Code Civ. Proc, § 1021.5.) Under Code of Civil Procedure section 1021.5, "[r]eversal of a summary judgment leaves the parties ' "in a position no different from that they would have occupied if they had simply defeated the defendants' motion . . . in the trial court." [Citation.]' (*Miller v. California Com. on Status of Women* (1985) 176 Cal.App.3d 454, 458.) Merely reversing a summary judgment and remanding a matter for trial does not establish the showing necessary to support an award of attorney fees under section 1021.5." (*Urbaniak v. Newton* (1993) 19 Cal.App.4th 1837, 1844.) This reasoning also extends to the partial reversal of the demurrer in *Lafferty I*. Any award of fees under Code of Civil Procedure section 1021.5 is premature while causes of action continue to await trial.

**D.**

*Code of Civil Procedure Sections 1032 to 1033.5*

Although not presented under a separate heading as required by rule 8.204(a)(1)(B), the Laffertys' opening brief sporadically refers to Code of Civil Procedure sections 1032, 1033, and 1033.5 to claim they are now entitled to attorney fees. For failure to comply with rule 8.204(a)(1)(B), we deem forfeited any argument arising out of the Laffertys' scattered citations to Code of Civil Procedure sections 1032, 1033, and 1033.5. As this court has previously explained, rule 8.204(a)(1)(B) is intended " ' "to lighten the labors of the appellate [courts] by requiring the litigants to present their cause systematically and so arranged that those upon whom the duty devolves of ascertaining the rule of law to apply may be advised, as they read, of the exact question under consideration, instead of being compelled to extricate it from the mass" ' (*Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830–1831, fn. 4). (See also . . . rule 8.204(a)(1)(B).)" (*People v. Roscoe* (2008) 169 Cal.App.4th 829, 840.)

In any event, these sections do not help the Laffertys obtain attorney fees on appeal because Code of Civil Procedure sections 1032, 1033, and 1033.5 apply only to trial court proceedings. "The context of section 1032 -- using language that speaks of plaintiffs, defendants and prevailing parties being those with a 'net monetary recovery' -- implies that the statute is directed at the trial court. So does the context of section 1033, with its reference to a party recovering a judgment. Section 1033.5, which is a list of what is, and is not, allowable as a cost, similarly is trial-court-oriented, with items exclusively related to trial proceedings (e.g., references to jury fees, taking depositions, process servers, etc.)." (*Alan S. v. Superior Court* (2009) 172 Cal.App.4th 238, 259-261.) Thus, Code of Civil Procedure "section 1033.5 is a trial court rule, and should be confined to the trial court context." (*Ibid.*) Moreover, "[c]ourts have consistently held

10

the prevailing party for the award of costs under section 1032 is not necessarily the prevailing party for the award of attorney's fees in contract actions under section 1717." (*Zintel Holdings, LLC v. McLean* (2012) 209 Cal.App.4th 431, 438, quoting *Sears v. Baccaglio* (1998) 60 Cal.App.4th 1136, 1142.)  As a result, Code of Civil Procedure sections 1032, 1033, and 1033.5 do not compel any interim award of appellate attorney fees.

## E.

### *Equitable Private Attorney General Fees*

The Laffertys also argue they should nonetheless have been awarded their fees as a matter of the equitable power of the court.  The same argument was rejected in *McGuigan v. City of San Diego* (2010) 183 Cal.App.4th 610 (*McGuigan*).  In *McGuigan*, the appellant argued for an "alternative equitable basis for an award, even if neither statutory nor contractual theories can be applied."  (*Id.* at p. 638.)  The *McGuigan* court rejected the argument, explaining:

"[W]e decline to explore the extent to which the trial court might retain noncodified, inherent equitable discretion to make a fee award in this kind of case.  In *Serrano* [*v. Unruh* (1982) 32 Cal.3d 621, 637], the Supreme Court expressed confidence that the existing system in this statutory scheme would be flexible enough to accommodate later-arising concerns, such as the effect of only a partial success by a plaintiff.  [Citation.]  [¶]  Moreover, the Supreme Court recently observed in connection with the equitable background of [Code of Civil Procedure] section 1021.5, in *In re Adoption of Joshua S*. (2008) 42 Cal.4th 945, 954–956:  'Although not explicit in either the statute or case law, it may be supposed that one unspoken justification for departing from the American rule in the case of [Code of Civil Procedure] section 1021.5 private attorney general fees is that it is equitable to impose public interest attorney fees on parties that have done something to adversely affect the public interest.  [¶] . . . [¶] . . .

11

The enforcement of an important right affecting the public interest implies that those on whom attorney fees are imposed have acted, or failed to act, in such a way as to violate or compromise that right, thereby requiring its enforcement through litigation. It does not appear to encompass the award of attorney fees against an individual who has done nothing to curtail a public right other than raise an issue in the context of private litigation that results in important legal precedent.' The Supreme Court has not found it necessary to expand upon the equitable grounds for such a fees award beyond the well-developed statutory criteria, and there is no justification for doing so here." (*McGuigan*, *supra*, 183 Cal.App.4th at pp. 638-639, first brackets added.) We agree with the reasoning of *McGuigan* and decline to create a new, nonstatutory basis for awarding attorney fees to the Laffertys.

## II

### *Statement of Decision*

Finally, the Laffertys contend "the trial court should have entered a statement of decision" when denying their request for attorney fees. The Laffertys apparently believe their argument is self-explanatory when they assert: "There is no real need to elaborate on [the] factors" determining whether a statement of decision is required for an order on a motion for attorney fees.

As we did in *Lafferty I*, we remind the Laffertys: " 'When a point is asserted without argument and authority for the proposition, "it is deemed to be without foundation and requires no discussion by the reviewing court." (*Atchley v. City of Fresno* [(1984)] 151 Cal.App.3d [635,] 647; accord, *Berger v. Godden* [(1985)] 163 Cal.App.3d [1113,] 1117, ["failure of appellant to advance any pertinent or intelligible legal argument . . . constitute[s] an abandonment of the [claim of error"].)' " (*Lafferty I, supra*, 213 Cal.App.4th at pp. 571-572, quoting *In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Accordingly, we deem the contention forfeited.

12

In any event, the contention has no merit because "[a] trial court is not required to issue a statement of decision for an attorney fee award." (*In re Marriage of Falcone and Fyke* (2012) 203 Cal.App.4th 964, 981.)

## DISPOSITION

The order granting costs, in part, and denying the motion for attorney fees is affirmed. Wells Fargo Bank shall recover its *costs* on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


      HOCH    , J.


We concur:


      MAURO    , Acting P. J.


      MURRAY  , J.