Filed 6/24/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| City of Santa Maria et al., <br><br>     Cross-complainants, Cross-defendants, and Respondents, <br><br> v. <br><br> Richard E. Adam et al., <br><br>     Cross-defendants, Cross-complainants, and Appellants; <br><br> Nipomo Community Services District et al., <br><br>     Cross-defendants and Respondents. | H041133, H041891 <br> (Santa Clara County <br> Super. Ct. No. 1-97-CV770214) |

This is the second appeal concerning the rights to groundwater contained in the Santa Maria Valley Groundwater Basin (Basin). Appellants Land Owner Group Parties (LOG) are a group of landowners, mostly farmers, who extract groundwater for agricultural use.[1] Respondents are public water producers that pump groundwater for municipal and industrial use for their citizens and customers.[2] In the first appeal, *City of*

---

    [1] Another group of landowners, the Wineman parties, also participated with LOG in the first appeal and in the underlying litigation. The Wineman parties are not a part of this appeal.

    [2] Golden State Water Company, the City of Santa Maria, and Nipomo Community Services District filed a joint respondents' brief. The Oceano Community Services District filed a joinder in the joint respondents' brief. In addition to joining the joint respondents' brief, Oceano Community Services District also advanced an additional argument for why appellants should not be considered the prevailing parties in the underlying litigation.

*Santa Maria v. Adam* (2012) 211 Cal.App.4th 266 (*City of Santa Maria*), we reversed and remanded the matter with instructions, directing the trial court to quiet title to appellants' overlying rights to native groundwater by declaring that these rights have priority over all appropriators, less the amount that the respondents are entitled to pursuant to their prescriptive rights. We further directed the trial court to reconsider, if necessary, the prevailing party determination and allocation of costs.

The trial court amended its judgment by asserting that appellants' overlying rights to the Basin groundwater are "prior and paramount to any existing or future appropriative rights to the Basin groundwater," (italics omitted) but are "subject to the prescriptive rights of [respondents], as otherwise provided herein." (Italics omitted.) The judgment held that the City of Santa Maria had established a total prescriptive right of 5100 acre feet per year and Golden State Water Company had established a total prescriptive right of 1900 acre feet per year. These prescriptive rights, however, were perfected against the Basin aquifer as a whole. Therefore, only a proportionate amount of the prescriptive right could be exercised against appellants' overlying rights. The trial court determined that it did not need to specifically quantify the proportionate prescriptive rights that could be attributable to appellants. The trial court also determined that it was not necessary to reconsider the prevailing party determination or allocation of costs.

On appeal, appellants insist that the trial court's actions on remand were inadequate because quantification of the proportionate volume of the prescriptive loss that can be attributed to appellants is necessary in order to successfully quiet title. Further, appellants claim that they were the prevailing parties and should have been entitled to costs.[3] We conclude that the trial court properly quieted title and did not err

---

[3] Appellants appealed from the trial court's amended judgment quieting title to their overlying rights in case No. H041133. Appellants filed a separate appeal over the trial court's order regarding the prevailing party in case No. H041891. We ordered these (continued)

2

when it declined to reconsider the prevailing party determination. Accordingly, we affirm the amended judgment and the order regarding prevailing parties.

**BACKGROUND**[4]

*Quiet Title and This Court's Remand*

The underlying litigation before the trial court encompassed multiple issues. One of the issues raised was whether appellants and the Wineman parties could quiet title to their rights in the overlying groundwater. (*City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 298.) The trial court initially held that it could not quiet title to the overlying rights, because appellants and the Wineman parties had not attempted to show how much water they had pumped during the prescriptive period. (*Ibid*.)

On appeal, we concluded that appellants and the Wineman parties have title to the overlying land and respondents have prescriptive rights attached to a specified amount of the Basin groundwater.[5] (*City of Santa Maria*, *supra*, 211 Cal.App.4th at pp. 291-297.) Further, we found that although appellants and the Wineman parties had not submitted proof of the amount of water they had pumped during the prescriptive period, the trial court could still quiet title to their overlying rights. We held that "[w]here there are no conflicting prescriptive rights, and sufficient safe yield to satisfy all parties, the trial court may simply declare the landowner's overlying rights to be superior to those of the appropriators." (*Id.* at pp. 298-299.) Appellants and the Wineman parties had engaged in self-help, which meant that they retained their overlying rights subject to the respondents'

two appeals to be considered together for the purposes of briefing, oral argument, and disposition.

[4] A detailed factual and procedural history of the underlying litigation is contained in our prior opinion, *City of Santa Maria*, *supra*, 211 Cal.App.4th 266. Therefore, we dispense with a recitation of the factual history of the case and concentrate our summary on the events applicable to this appeal.

[5] Only two of the respondents, the City of Santa Maria and Golden State Water Company, established prescriptive rights.

3

prescriptive taking. (*Id*. at p. 299.) We further determined that "when 'the total amount of water covered by all of the rights of the parties exceeds the available supply consisting of the basin's safe yield and any temporary surplus,' overlying owners 'should be awarded the full amount of their overlying rights, less any amounts of such rights lost by prescription, from the part of the supply shown to constitute native ground water.' " (*Ibid*.)

In our disposition, we remanded the matter to the trial court with instructions to modify the judgment as follows: "As to those appellants that pleaded quiet title causes of action, the court shall declare their overlying rights to native groundwater prior to the rights of all appropriators less the amount to which the City of Santa Maria and the Golden State Water Company are entitled pursuant to their prescriptive rights and shall reconsider, if necessary, the prevailing party determination and allocation of costs." (*City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 312.)

*The Proceedings on Remand*

On remand, the parties submitted briefing on the issue of whether quieting title required the trial court to quantify the proportion of the prescriptive loss attributable to each parcel owned by appellants and the Wineman parties. Appellants and the Wineman parties contended that quantification was necessary. Respondents claimed that quantification was not necessary until there was a shortage.

After considering the parties' arguments, the trial court agreed with respondents and found that quantification of the specific prescriptive loss was not required to quiet title. Accordingly, the trial court amended its judgment to state: "Subject to and limited by the adjustments for the amounts of native Basin groundwater lost to the prior prescriptive rights of the City of Santa Maria and GSWC as described in section 7(a), each of the LOG and Wineman Parties that filed quiet title actions has quieted title to the overlying rights to the Basin groundwater appurtenant to the properties listed as

4

Exhibit 3, which rights are prior and paramount to any existing or future appropriative rights to the Basin groundwater.  Such overlying rights shall be subject to the prescriptive rights of the City of Santa Maria and GWC, as otherwise provided herein.  Judgment to quiet title to such overlying rights is hereby entered with respect to the real property listed as Exhibit 3, with all other LOG and Wineman party causes of action having been dismissed."  (Italics omitted.)

*The Prevailing Party Determination*

Originally, respondents were found to be the prevailing parties.  As part of our limited remand from the first appeal, we directed the trial court to reconsider, if necessary, the prevailing party determination and allocation of costs.  Appellants and the Wineman parties filed briefs arguing that due to this court's reversal, they were the prevailing parties on the quiet title cause of action and should therefore be entitled to costs.

Respondents filed a joint brief arguing that they, not appellants or the Wineman parties, were the prevailing parties notwithstanding this court's remand.  Respondents argued that they prevailed by obtaining prescriptive rights to the Basin groundwater, having the "physical solution" affirmed, and having their rights to return flows and salvaged water affirmed.

The trial court determined that it did not need to reevaluate the prevailing party determination, noting that the substantial issues in the underlying case involved the "[respondents'] claimed prescriptive rights of the water producers, the effects of the Twitchell yield, the Northern Cities' claims and various monitoring and management issues."  Further, the trial court noted that "[t]he record available to this court [did] not suggest that there was ever any real contest over whether appellants had overlying rights; the only real issue was proof of the quantity of the ground water rights for which . . . there was a failure of proof."

5

Appellants argue that the trial court erred when it did not quantify the proportionate amount of the prescriptive loss that can be attributed to their parcels. They also argue that the amended judgment should be modified because as currently read the judgment can be misconstrued to give prescriptive rights a "super priority" over overlying rights. Lastly, appellants claim that they prevailed on their cause of action for quiet title. Therefore, appellants insist that they should be determined to be the prevailing party and be entitled to costs. As we explain below, we find no merit in any of appellants' arguments.

1. *Quantification of Prescriptive Loss is Not Necessary to Quiet Title*

Appellants claim that the amended judgment fails to quiet title, because it does not quantify the proportionate prescriptive loss that can be attributed to each of their parcels. We disagree, and find that the trial court's judgment properly quieted title.

a. **Volume of the Prescriptive Loss is Quantified in the Amended Judgment**

First, appellants claim quantification is necessary because prescriptive rights, unlike overlying rights, can be readily quantified. We agree with the appellants' characterization of prescriptive rights.

Overlying rights, which are based on ownership of the land, are determined by evaluating overlying rights holders' "present and prospective" reasonable beneficial use upon the land. (*City of Barstow v. Mojave Water Agency* (2000) 23 Cal.4th 1224, 1240.) Overlying rights are also correlative; they are mutual and reciprocal among other overlying users. (*Tehachapi-Cummings County Water Dist. v. Armstrong* (1975) 49 Cal.App.3d 992.) Since overlying rights are correlative and based on reasonable beneficial use, these rights may change over time. Prescriptive rights, on the other hand, are quantified by determining the volume of water pumped during the prescriptive period and are limited to that amount. (*City of Los Angeles v. City of San Fernando* (1975) 14

6

Cal.3d 199, 285-286.) In other words, prescriptive rights, unlike overlying rights, are fixed.

Appellants claim that since prescriptive rights are fixed, the quiet title judgment cannot stand because it fails to quantify these rights. Appellants, however, misconstrue the amended judgment. The prescriptive rights proved by the respondents *are* quantified in the amended judgment, which declares that the City of Santa Maria established a total adverse appropriation of 5100 acre feet per year and Golden State Water Company established a total adverse appropriation of 1900 acre feet per year. As set forth in the judgment, these specific prescriptive rights will not change over time.

b. **Quantifying Specific Prescriptive Loss is Not Necessary to Quiet Title**

Respondents' prescriptive rights were perfected against the aquifer as a whole, not just against appellants' overlying rights. Therefore, the trial court determined that the prescriptive rights must be proportionately exercised against appellants' overlying rights. Appellants correctly assert that the amended judgment fails to specifically quantify the proportionate share of the prescriptive loss that can be attributable to each of them. Appellants claim that absent a quantification of their proportionate prescriptive loss, title cannot be quieted. We disagree.

In the first appeal, we noted that quantification of appellants and the Wineman parties' overlying rights was not necessary in order to quiet title, because there is no present need to allocate the native supply. (*City of Santa Maria*, *supra*, 211 Cal.App.4th at pp. 298-300.) The fact that respondents obtained a prescriptive right has no practical effect until there is an overdraft. (*Id.* at p. 297.) This is because "[a]cquisition of a prescriptive right in groundwater rearranges water rights priorities among water users, elevating the right of the one acquiring it above that of an appropriator to a right equivalent in priority to that of a landowner." (*Ibid.*)

7

When there is an overdraft or shortage, appellants, as overlying rights holders, would be awarded the full amount of their present and prospective beneficial use upon the land, *less* the amounts lost by prescription. (*City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 300.)

At the time of trial, it was undisputed that the Basin had enough water for all users, including appellants and all appropriators. (*City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 299.) Accordingly, there was no need to quantify overlying rights to apportion the Basin water. We therefore concluded that appellants and the Wineman parties were entitled to a quiet title judgment, despite the lack of evidence regarding the amount of water they had pumped during the prescriptive period. We held that title could be quieted by a declaration that appellants' overlying rights to the Basin groundwater were prior to all rights except for the prescriptive rights proved by respondents. (*Id*. at p. 300.)

In other words, we held in *City of Santa Maria* that quieting title in times of surplus did not require quantification of the overlying right. As an extension of that same logic, we find that quantification of the specific prescriptive loss attributable to each overlying user is not necessary to quiet title. When the Basin has a surplus of water, the quiet title judgment is not meant to specify the exact amount of water each user is entitled to, which would include the amount of the prescriptive rights that can be enforced against each overlying user. Rather, the quiet title judgment is meant to clarify and confirm the priority of appellants' overlying rights, specifying that these rights are superior to all appropriators' rights less the prescriptive rights established by respondents. There is no need for a quiet title judgment clarifying the priority of water users to specifically quantify the users' rights until there is a period of overdraft.

For example, in *City of L.A. v. City of Glendale* (1943) 23 Cal.2d 68, our Supreme Court entered a judgment declaring that the plaintiff's pueblo rights to certain water

sources were superior to the rights asserted by the defendants. (*Id*. at pp. 72, 82.) The defendants in *City of L.A.* argued that the trial court erred when it rejected the defendants' offer of proof that the plaintiff could satisfy all of its water needs from another aqueduct. (*Id*. at pp. 78-79.) Our Supreme Court found no error with the trial court's decision to refuse admission of this evidence, noting that the evidence, "if received for the purpose intended by defendants, would have required the court to determine the amount of water necessary, and the amount available, for the plaintiff's present and future needs. It was not pertinent to the issues of an action to quiet title. In *Cuyamaca Water Co. v. Superior Court* [(1924)] 193 Cal. 584 . . . this court said: 'In the pending quiet title action it will not, of course, be determined that the city is or is not entitled to any particular quantity of water. . . . The subject matter of the action is the establishment of the priority of right, and not the quantity of water to be taken.' [Citation.] In the present actions the trial court was not called upon to determine the relative rights of the parties to any quantities of water or to peer into the future and detail in amounts the needs of the parties when the conceded present surplus might be exhausted and their demands then be brought into conflict." (*Ibid*.)

Here, the trial court modified the judgment on remand to declare that appellants' overlying rights are superior to the rights of all appropriators, except for the prescriptive rights proved below. Quantification of prescriptive loss was not required to effectuate the judgment quieting title, which was meant to set forth the priority of appellants' rights. The amended judgment achieves this goal. No further quantification is necessary.[6]

---

[6] Based on this conclusion, we need not address appellants' claim that the trial court could readily quantify the proportionate prescriptive loss by referencing the trial court record in the underlying litigation. However, we note that this argument rings hollow when we consider that the trial court below did not initially quiet title because appellants failed to submit evidence of the amount of water they had pumped during the prescriptive period. (*City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 298.)

c.  **The Quiet Title Judgment is Not Illusory**

Appellants insist that failure to ascertain the proportionate volume of the prescriptive rights that can be asserted against them will impair their ability to protect and enforce their overlying rights, will harm their enjoyment of the property, and will create a cloud on their title effecting the marketability and value of their properties.  Further, they insist that the current judgment creates only an illusion of a quiet title judgment and that they should not be required to litigate the prescription issue in the future.

Appellants cite to *Western Aggregates*, *Inc*. *v*. *County of Yuba* (2002) 101 Cal.App.4th 278, 305, where the Third Appellate District explained that "[a] quiet action seeks to declare the rights of the parties in realty.  A trial court should ordinarily resolve such dispute.  This accords with the rule that a trial court should not dismiss a regular declaratory relief action when the plaintiff loses, but instead should issue a judgment setting forth the declaration of rights and thus ending the controversy.  [Citations.] . . . ' "The object of the action is to finally settle and determine, as between parties, all conflicting claims to the property in controversy, and to decree to each such interest or estate therein as he may be entitled to." ' "  Appellants argue that the matter cannot be finally decided absent a quantification of the prescriptive loss attributed to each parcel they own.

We do not find that the quiet title judgment provided here is merely an illusory remedy.  Appellants receive a practical benefit from quieting title.  The judgment confirms that their overlying rights are prior to all appropriators, except for the specified amount of prescriptive loss proved by respondents below.  As we noted in the first appeal, this effectively prevents further erosion of appellants' overlying rights.  (*City of Santa Maria*, *supra*, 211 Cal.App.4th at pp. 299-300.)

Appellants' claim that they would be unable to enforce their overlying rights due to the lack of specific quantification of respondents' prescriptive rights lacks merit.

10

In times of surplus, such as the period that the Basin is presently undergoing, appellants would not be able to enjoin parties, including respondents, from appropriating water. (*City of Pasadena v. City of Alhambra* (1949) 33 Cal.2d 908, 926.) It is only in times of overdraft that respondents' prescriptive rights will become pertinent. At that time, appellants would *not* be required to litigate the prescription issue again. As we previously discussed, the amount of respondents' prescriptive rights has already been quantified.[7] That amount will not change over time.

Appellants' overlying rights, however, may have changed over time. Therefore, in times of future overdraft the parties would be required to determine their proportionate, correlative share of the Basin groundwater with other overlying rights holders. At that time, the proportionate prescriptive right that can be enforced against each of the parties would need to be quantified. Such need does not arise before then.

For the foregoing reasons we do not find that the trial court erred in its modification of the judgment on remand.

2. *The Amended Judgment Does Not Need Further Modification*

Appellants also claim that the amended judgment must be modified, because the use of the word "prior" in the following sentence in the amended judgment may cause confusion: "Subject to and limited by the adjustments for the amounts of native Basin groundwater lost to the *prior* prescriptive rights of the City of Santa Maria and GSWC as

---

[7] This is not to say that respondents, or other appropriators, will be unable to obtain new prescriptive rights in periods of future overdraft. For example, if respondents or other appropriators continue to draw water during times of overdraft for the duration of the prescriptive period of five years, they may attain new prescriptive rights to the amount pumped. (*Hi-Desert County Water Dist. v. Blue Skies Country Club, Inc.* (1994) 23 Cal.App.4th 1723, 1731 (*Hi-Desert*).) At that point, overlying users may seek an injunction against appropriators to prevent new prescriptive rights from forming. (*City of Los Angeles v. City of San Fernando, supra*, 14 Cal.3d at pp. 277-278.) The running of the prescriptive period may also be interrupted by overlying users' self-help. (*Hi-Desert, supra*, at p. 1731.)

11

described in section 7(a), each of the LOG and Wineman Parties that filed quiet title actions has quieted title to the overlying rights to the Basin groundwater appurtenant to the properties listed . . . ." (Italics added.)

Appellants argue that the word "prior" in the amended judgment may be confused to have the meaning of the word "priority" as used in groundwater rights. Appellants insist that the wording of the amended judgment could be potentially misinterpreted as giving prescriptive rights some sort of "super priority." We disagree with this characterization. As worded, it is reasonably clear that the amended judgment used the word "prior" to mean "*before*" or "*previous*," referring to those prescriptive rights that were established by respondents below.

Modification of the judgment is also not necessary because the LOG parties fail to demonstrate prejudice. "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties. No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by reason of such error, ruling, instruction, or defect, the said party complaining or appealing sustained and suffered substantial injury . . . . There shall be no presumption that error is prejudicial, or that injury was done if error is shown." (Code Civ. Proc., § 475.)

Appellants' assertion of prejudice is merely that in some hypothetical, future scenario the amended judgment *may* be misinterpreted. This is not sufficient to show prejudicial error warranting reversal or modification of the judgment.

   3. *The Trial Court Did Not Err in its Prevailing Party Determination*

Appellants maintain that the trial court erred when it did not redetermine the prevailing party on remand. Appellants claim that because we reversed the trial court's

12

judgment and directed it to quiet title on remand, they are the prevailing party in the underlying action and should be awarded its costs.

Code of Civil Procedure section 1032, subdivision (b) specifies that prevailing parties are entitled as a matter of right to recover costs in any action or proceeding. Further, a prevailing party is defined as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (Code Civ. Proc., § 1032, subd. (a)(4).) "When any party recovers other than monetary relief and in situations other than as specified [above], the 'prevailing party' shall be as determined by the court, and under those circumstances, the court, in its discretion, may allow costs or not . . . ." (*Ibid.*)

There is no prevailing party under the specified situations outlined in Code of Civil Procedure section 1032, subdivision (a)(4), because appellants obtained some relief against respondents by quieting title. Therefore, the "situations other than as specified" language of Code of Civil Procedure section 1032, subdivision (a)(4) applies and "[a] plaintiff will be considered a prevailing party when the lawsuit yields the primary relief sought in the case." (*Pirkig v. Dennis* (1989) 215 Cal.App.3d 1560, 1566, disapproved of on a different point in *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1330.) We review the trial court's prevailing party determination for an abuse of discretion. (*Villa De Las Palmas Homeowners Assn. v. Terifaj* (2004) 33 Cal.4th 73, 94.)

We do not find the trial court abused its discretion when it chose not to disturb the original order finding that respondents were the prevailing parties. In the underlying litigation, appellants had sought to have their overlying rights declared paramount and had challenged the physical solution to protect and manage the Basin's groundwater, the sufficiency of evidence supporting the prescriptive rights obtained by respondents, and

13

the trial court's allocation of return flows and salvaged water to respondents. (*City of Santa Maria*, *supra*, 211 Cal.App.4th at pp. 276-277.)

Although appellants obtained a reversal of the trial court's judgment, they did not obtain the primary relief they sought. Certainly, the quiet title judgment declares that the appellants' overlying rights are subject to the prescriptive amounts proved by respondents at trial. However, the existence of appellants' overlying rights to Basin groundwater was never at issue. Overlying rights to groundwater are conferred to those who own the property. (*City of Santa Maria*, *supra*, 211 Cal.App.4th at p. 278.) Respondent's ownership of the overlying lands was never disputed. Rather, what was disputed was the existence of the respondents' prescriptive rights, the validity of the physical solution, and the rights to return flows and salvaged water. We affirmed the trial court's judgment on all of these matters in the first appeal, which produced favorable results to respondents. Further, the trial court rejected all of appellants' claims to the Northern Cities area of the Basin. The trial court's judgment regarding the Northern Cities was not disturbed by our decision in the first appeal.

In essence, respondents, not appellants, obtained the primary relief they sought in the lawsuit. Accordingly, we affirm the trial court's order regarding prevailing parties.

## DISPOSITION

The amended judgment and the order regarding the prevailing party are affirmed. Respondents are entitled to their costs on appeal.

_____

                    Premo, Acting P.J.

WE CONCUR:


_____

      Elia, J.


_____

      Grover, J.


City of Santa Maria et al. v. Adam et al.
H041133; H041891

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No. 1-97-CV770214 |
| Trial Judge: | Hon. Joseph H. Huber &<br>Hon. Jack Komar |
| Counsel for Appellants:<br>Landowner Group Parties | Clifford & Brown<br>Richard G. Zimmer<br>T. Mark Smith<br><br>E. Stewart Johnston |
| Counsel for Respondent:<br>Golden State Water Company | Brownstein Hyatt Farber Schreck<br>Robert J. Saperstein<br>Gregory H. Morrison |
| Counsel for Respondent:<br>City of Santa Maria | Best Best & Krieger<br>Eric L. Garner<br>Jeffrey V. Dunn |
| Counsel for Respondent:<br>Nipomo Community Services District | Richards Watson & Gershon<br>James L. Markman |
| Counsel for Joinder of Respondent:<br>Oceano Community Services District | Nossaman<br>Henry S. Weinstock |

City of Santa Maria et al. v. Adam et al.
H041133; H041891